BRYAN, Judge,
dissenting.
I respectfully dissent. Alabama Code 1975, § 26 — 18—7(a) (1), provides that one ground for terminating parental rights is abandonment of the child by the parent. The juvenile court based its judgment terminating the father’s parental rights on, among other things, its finding that the father had “abandoned the child as defined in [Ala. Code 1975, § 26-18-3(1) ], and ha[d] failed to provide any meaningful emotional or financial support” for the child.
Section 26-18-3(1) defines “abandonment” as:
“A voluntary and intentional relinquishment of the custody of a child by a parent, or a withholding from the child, without good cause or excuse, by the parent, of his presence, care, love, protection, maintenance or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent.”
I conclude that clear and convincing evidence supports the juvenile court’s finding that the father had abandoned the child. The mother testified that the father “had no desire to take care of [the child]” and that the father neither visited nor “c[a]me around” the child; that evidence was undisputed. Furthermore, the juvenile court received no evidence indicating that the father had “good cause or excuse” for withholding from the child his “presence, care, love, protection, [and] maintenance .... ” See id. The juvenile court found that the child’s best interest would be promoted by terminating the father’s parental rights; because clear and convincing evidence establishes that the father, in every manner articulated under § 26-18-3(1), had abandoned the child, I cannot conclude that the juvenile court erred in terminating the father’s parental rights. Accordingly, I would affirm the juvenile court’s judgment.